

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00188-CR

NICHOLAS RYAN CLUBB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Donley County, Texas
Trial Court No. 3759, Honorable Stuart Messer, Presiding

September 27, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Nicholas Ryan Clubb was indicted for burglary of a habitation and, after pleading guilty, placed on deferred adjudication for five years. The State filed a motion to adjudicate his guilt after appellant violated the terms of his community supervision. At the hearing on the motion, appellant pled true to having used methamphetamine and drinking alcohol. The trial court then adjudicated appellant guilty and sentenced him to eighteen years confinement.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se*. By letter, this court also notified appellant of his right to file his own brief or response by September 20, 2013, if he wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal which included the sufficiency of the evidence of the original crime,[2] the sufficiency of the evidence to revoke probation, the propriety of the sentence, and the effectiveness of counsel. However, he then explained why the issues lacked merit.

In addition, we conducted our own review of the record to assess the accuracy of counsel's conclusions and to uncover arguable error pursuant to *Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991). After doing so, we concurred with counsel's conclusions.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2] The record does not contain the original plea hearing or any documents signed by appellant with respect to his guilty plea. However, the judgment recites: "Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt."

[3] Appellant has the right to file a petition for discretionary review with the Court of Criminal Appeals.